

# THE ATTORNEY GENERAL

## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

March 9, 1973

Honorable Henry F. Guillet
County Attorney
Andrews County
Andrews, Texas

Opinion No. H-16

Re:   Whether the Commissioners
Court of Andrews County may
use funds authorized by a
bond election to build a med-
ical clinic on hospital grounds
owned by the County for the
purpose of leasing space or
spaces to a doctor or doctors
engaged in the private prac-
tice of medicine on terms
satisfactory to the Commis-
sioners Court and related

Dear Mr. Guillet:                              questions?

On November 15, 1972, you requested the opinion of this office
covering two questions:

> "(1)   May the Commissioners Court of Andrews
> County use funds authorized by a bond election to
> build a medical clinic on hospital grounds owned by
> the County for the purpose of leasing a space or
> spaces to a doctor or doctors engaged in the private
> practice of medicine on terms satisfactory to the
> Commissioners Court?"

> "(2)   May the Commissioners Court of Andrews
> County purchase a medical clinic building which is
> owned by local private doctors with money obtained
> from a bond election and lease the said medical clinic
> building so purchased, back to the same doctors on
> terms satisfactory to the Commissioners Court?"

Your letter advised that:

> "In connection with the foregoing, the Commis-
> sioners Court of Andrews County, Texas, authorized

an election for the issuance of bonds in the principal
amount of $2,750,000.00 'for the purpose of pro-
viding funds for enlarging and equipping of the County
hospital and for all other necessary permanent im-
provements in connection therewith.' The proposi-
tion for the bond election was submitted to the voters
of Andrews County on October 21, 1972, and the
same carried by a vote of 1,086 for to 721
against. . . ."

On February 6, 1973, the Commissioners Court of Andrews County
submitted the following additional questions:

"May the Commissioners Court of Andrews
County use $136,000.00 of the bond funds referred
to in the original opinion (sic) to purchase facilities
now being used as a doctors clinic, which facility
is in an internal unit of the hospital building with
open passage between the facility and which for all
purposes is one unit?

"Secondly, may the Commissioners Court, after
additions to this unit to be purchased, lease space in
the building purchased together with additions to the
building, to medical doctors currently officing in the
building, as well as additional doctors who may de-
sire to office in such building, and additions added
thereto?"

We have been made aware of the extreme importance of
these questions to the people of Andrews County and have given them a
great deal of consideration. Further, we note with due respect the opinion
of the Commissioners Court that the presence of doctor's offices in the
hospital facility itself would be in the public interest.

Section 18 of Article 5 of the Constitution of Texas provides:

". . . the County Commissioners so chosen,
with the County Judge as presiding officer, shall
compose the County Commissioners Court, which
shall exercise such powers and jurisdiction over all
county business, as is conferred by this Constitution

and the laws of the State, or as may be hereafter
prescribed." (emphasis added)

In Canales v. Laughlin, 147 Tex. 169, 214 S. W. 2d 451 (1948) the
Supreme Court of Texas said:

> "The Constitution does not confer on the
> commissioners courts 'general authority over the
> county business' and such courts can exercise
> only such powers as the Constitution itself or the
> statutes have 'specifically conferred upon them'
> . . . while the commissioners courts have a
> broad discretion in exercising powers expressly
> conferred upon them, nevertheless the legal basis
> for any action by any such court must be ulti-
> mately found in the Constitution or the statutes."

Several statutes authorize counties of various classifications to lease
county owned hospitals but we have diligently searched for one authorizing
counties to lease a portion of a county hospital to private practitioners for
use as private offices, even though such leasing be in the general public
interest. Our search has not revealed any such specific authority.

Can it be that the general authority to lease a county owned hospital
under such terms and conditions as may be satisfactory to the Commis-
sioners Court includes the authority to lease a portion of such hospital to
private practitioners for use as private offices? We conclude that the
answer is "No".

The two statutes which apply directly to Andrews County appear to be
Articles 4494h and 4494l, Vernon's Texas Civil Statutes. Article 4494h
reads, in part:

> "Any county in this State having a population
> of not less than five thousand (5,000) and not more
> than ten thousand, three hundred and ninety
> (10,390) inhabitants according to the last preceding
> Federal Census, shall have authority to lease any
> county hospital belonging to said county to be
> operated by the lessee of same under such terms
> and conditions as may be satisfactory to the
> Commissioners Court of said county and the
> lessee . . ."

Article 44941 applicable to all counties provides in part:

> Section 1. "Any county in this State having
> a county hospital which is operated by said county,
> may, and such county is hereby authorized to
> lease such hospital, provided the Commissioners
> Court of said county shall find and determine by
> an order entered in the minutes of said Court
> that it is to the best interest of said county to
> lease such hospital . . . ."

Logically, we can only construe these statutes to mean that a Commissioners Court has authority to lease a hospital, or so much of it as would constitute a complete hospital, to be operated by the lessee as a hospital for the people of the county. The phraseology of the statutes is such that it is extremely difficult to read into them any legislative intent inconsistent with the simple granting of power to lease hospital property for use as a hospital. "Under such terms and conditions as may be satisfactory to the Commissioners Court" still must be read together with the basic purpose to which the language relates, i.e., leasing and operating a hospital.

While other statutes authorizing other classifications of counties are more specific, we believe all of them express the same general intent. Compare Articles 4494a, 4494b, 4494c, 4494k and 4494m, Vernon's Texas Civil Statutes. Also see Articles 4494e, and 4494d, 4494f, 4494g and 4494j, Vernon's Texas Civil Statutes.

Finding no statutory or constitutional authority for the Commissioners Court of Andrews County to lease any portion of county hospital space for the use of private physicians as private offices, it is our opinion that it may not do so. This does not mean, of course, that the contemplated clinic cannot be built or purchased as a hospital addition with the bond funds if it is to be used as an enlargement of the hospital or a necessary permanent improvement thereto.

Also, nothing we have said in this opinion is intended to challenge or affect the validity of any bonds which may have been issued pursuant to the bond election referred to. Our opinion is limited solely to the leasing of county hospital property for use as private offices for private physicians.

The foregoing makes it unnecessary for us to decide whether the proposed action would violate Section 52 of Article 3 of the Constitution of Texas.

- S U M M A R Y -

A county hospital may be enlarged, or permanent improvements may be made in connection therewith, as the best interests of the county dictate. Although the Commissioners Court has authority to lease a county hospital to be used as a hospital, it is our opinion that the Legislature and the Constitution have not granted commissioners courts and particularly the Commissioners Court of Andrews County, authority to lease portions of the county hospital for use as private medical offices. In the absence of such a grant of authority, such leasing is unauthorized by law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK
Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee